**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-4779**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DWAYNE ADAM LIEDKE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, Chief District Judge. (CR-02-249-BO)

Submitted: April 15, 2004

Decided: April 20, 2004

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Randolph M. Lee, Charlotte, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Felice McConnell Corpening, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dwayne Adam Liedke appeals from a criminal judgment and 144-month sentence following his guilty plea entered in accordance with a written plea agreement. Liedke pled guilty to disqualified possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000). In his plea agreement, Liedke waived his right to appeal his conviction and sentence except in the face of an upward departure from the sentencing guidelines.

Liedke's appointed counsel filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting that there are no meritorious issues presented on appeal but raising one question. Liedke was informed of his right to file a supplemental brief but has failed to do so. Liedke challenges the district court's downward departure below the statutory minimum sentence for the firearm offense. He asserts the court improperly relied on factors other than Liedke's cooperation to limit the downward departure granted upon the Government's motion filed pursuant to <u>U.S. Sentencing Guidelines Manual</u> § 5K1.1 (2002). This court does not review downward departures unless the departure resulted in an illegal sentence or resulted from an incorrect application of the guidelines. <u>United States v. Hill</u>, 70 F.3d 321, 324 (4th Cir. 1995) (citing 18 U.S.C. § 3742(a) (2000)). These factors are not presented in Liedke's sentencing. Accordingly, we lack jurisdiction to review Liedke's sentence. <u>Id.</u>

Moreover, in United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000), this Court held that "a defendant may not appeal his sentence if his plea agreement contains an express and unqualified waiver of the right to appeal, unless that waiver was unknowing or involuntary." See also United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). Liedke has presented no evidence that his decision to waive his appellate rights was unknowing or unintelligent, or claimed any exception to the validity of the plea waier. Thus, Liedke's appeal is also foreclosed by the appellate waiver he knowingly signed in his plea agreement.

Accordingly, we dismiss Liedke's appeal. We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>
